A. GELABERT & CO., S. EN C., PETICIONARIA, *v.* HON. DOMINGO
SEPÚLVEDA, JUEZ DE LA CORTE DE DISTRITO DE PONCE, DE-
MANDADO.

SOLICITUD para que se expida mandamiento de *Certiorari* al
Juez de la Corte de Distrito de Ponce en un pleito sobre
constitución de garantía.

No. 252.—Resuelto en julio 28, 1919.

ALEGACIONES—DEMANDA COMPLEMENTARIA—ELIMINACIÓN DE ALEGACIONES—EN-
MIENDAS A LAS ALEGACIONES—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN.—
No constituye abuso de discreción el ordenar la eliminación de una demanda
complementaria presentada con permiso de la corte en un pleito en el cual
la demanda original tenía por objeto pedir el afianzamiento hipotecario de
una obligación no vencida aun, y la demanda complementaria, el de deman-
dar el pago de dicha obligación ya vencida.

EXCEPCIÓN PREVIA—CAUSA DE ACCIÓN—CUESTIONES ACADÉMICAS.—En este caso
la demanda original y la enmendada, que tenían por objeto obtener garan-
tías para el cumplimiento de una obligación que no estaba vencida aun,
fueron excepcionadas por el motivo de no aducir hechos suficientes para de-
terminar una causa de acción. Posteriormente fué eliminada por la corte
a petición de la demandada una demanda complementaria en la que la de-
mandante reclamaba el pago de dicha obligación por estar ya vencida. *Se
resolvió:* que decidir ahora la excepción de falta de causa de acción opuesta
a la demanda original y a la enmendada sería decidir una cuestión acadé-
mica por no tener fin práctico alguno, ya que teniendo por objeto dicha de-

manda obtener garantías para una obligación que no podía cobrarse por no estar vencida, de ella misma aparece que ahora ya está vencida dicha obligación de deber y por tanto a nada conduciría resolver en estos momentos sobre la suficiencia de esa demanda que ha dejado de tener razón de ser por haber ocurrido el vencimiento de la obligación, por lo que no procede anular la resolución que declaró que no había términos hábiles para resolver dicha excepción.

Los hechos están expresados en la opinión.

Abogados del peticionario: Sr. *Leopoldo Tormes* y Srta. *Herminia Tormes.*

Abogado del demandado: Sr. *José Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tribunal.

Como consecuencia de un auto de *certiorari* que libramos contra el Juez de Distrito de Ponce a instancia de la mercantil A. Gelabert y Co., S. en C., tenemos ante nosotros los autos originales del pleito que en aquella corte sigue dicha mercantil contra Remigio Morales y Eladio Burgos del que aparece, en lo necesario para resolver definitivamente sobre el auto expedido; que la demanda fué presentada en 30 de noviembre de 1918 alegándose en ella que Morales suscribió una obligación a favor de los demandantes de pagarles $1,616.88 el día primero de febrero de 1919 que garantizó Burgos como fiador y principal pagador mancomunada y solidariamente y que aunque el día del pago no había llegado, sin embargo después de haber sido suscrito el pagaré había quedado insolvente el deudor Morales y aunque Burgos tenía bienes, las relaciones poco cordiales entre ellos afectaba a dicho crédito por lo que pidió que Burgos fuera condenado a garantizar con hipoteca la expresada obligación.

Después de haber excepcionado los demandados dicha demanda por el motivo de no aducir hechos determinantes de causa de acción y de haber sido embargados bienes de Burgos en cantidad mayor de $32,000 según declaración jurada suya, la demandante presentó demanda enmendada en 14 de diciembre siguiente en la que reprodujo los hechos expuestos

en la anterior y agregó que el demandado Burgos trata de evadir el pago de la obligación que es base de la demanda realizando para ello actos tales como manifestaciones verbales, tratando además de traspasar con ese fin sus bienes simuladamente a terceras personas por lo que concluyó pidiendo también que constituyera hipoteca en garantía de dicha obligación.

Esta segunda demanda también fué excepcionada por igual fundamento que la anterior el 7 de enero de 1919 y en 4 de febrero la demandante pidió permiso al juez para presentar una demanda suplementaria por haber vencido la obligación y habiéndole sido concedido el permiso radicó demanda enmendada en la que alegó los mismos hechos de la precedente y además que la obligación había vencido el primero de febrero de 1919 sin haberle sido pagada y pidió que la corte condenase a su pago a Remigio Morales y a Eladio Burgos.

Tan pronto fué radicada esta demanda enmendada pidieron los demandados que fuera eliminada, entre otros motivos, por que por ella se trataba de interpolar una nueva causa de acción en donde ninguna existía antes y porque no era posible alegar hechos que no existían cuando se comenzó la acción.

En tal estado los autos el 30 de abril de 1919 dictó la corte inferior tres resoluciones, una que no hace al caso ahora porque se refiere al levantamiento del embargo, y dos más que son de las que se queja la mercantil demandante, siendo éstas en el sentido de que habiendo sido enmendadas la demanda original y también la primera demanda enmendada, no había términos hábiles para resolver las excepciones opuestas a dichas dos demandas y por la otra resolución ordenó la eliminación de la segunda demanda enmendada.

Aunque la peticionaria dedica la mayor parte de su alegato escrito a demostrar que tiene causa de acción para exigir que se le garantice su crédito prescindiremos de esa cuestión pues no es la que tenemos que resolver ahora sino la

de si hubo error en las dos resoluciones contra la que se interpuso el auto de *certiorari*.

Considerando en primer término la resolución que ordenó la eliminación de la última demanda enmendada diremos que aunque las cortes de justicia deben ser liberales en permitir la enmienda de las alegaciones, sin embargo, no podemos declarar en este caso que la corte inferior haya hecho tan mal uso de su facultad discrecional al no permitir la enmienda hecha por la última demanda enmendada ordenando su eliminación después de haber oído la moción en ese sentido de la parte contraria, que tengamos que anularla.

Eliminada, pues, esa demanda, quedó en vigor la excepción opuesta a la demanda anterior fundada en que no aduce hechos determinantes de causa de acción, cuestión cuya resolución sería académica ahora por no tener fin práctico alguno ya que teniendo por objeto dicha demanda obtener garantías para una obligación que no podía cobrarse por no estar vencida, de ella misma aparece que ahora ya está vencida dicha obligación de deber, y, por tanto, a nada conduciría resolver en estos momentos sobre la suficiencia de esa demanda que ha dejado de tener razón de ser por haber ocurrido el vencimiento de la obligación, por lo que no debemos anular la resolución que declaró que no había términos hábiles para resolver dicha excepción.

El auto de *certiorari* que expedimos debe ser anulado.

> *Anulado el auto de* certiorari, *ordenando la devolución de los autos.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.